73 F.3d 371
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Andre Jacques STRYDOM, Defendant-Appellant.
 No. 94-50645.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 14, 1995.
Decided Dec. 21, 1995.
 
 Before: ALDISERT,* ALARCON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andre Jacques Strydom appeals his jury conviction and sentence for unlawful importation of heroin under 21 U.S.C. Sec. 952(a) and possession with intent to distribute under 21 U.S.C. Sec. 841(a)(1). We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * We decline to consider Strydom's ineffective assistance of counsel issues because their resolution may require development of facts outside the record. United States v. Sitton, 968 F.2d 947, 960 (9th Cir.) (quoting United States v. Birges, 723 F.2d 666, 670 (9th Cir.), cert. denied, 466 U.S. 943 (1984)), cert. denied, 113 S.Ct. 478 (1992). Such challenges are customarily made by collateral attack under 28 U.S.C. Sec. 2255. Id.
 
 II
 
 4
 Strydom contends that the district court erred in imposing a two level upward adjustment for obstruction of justice under U.S.S.G. Sec. 3C1.1. The court found that Strydom "committed perjury by intentionally providing false testimony as to a material issue by denying under oath that he knowingly brought the heroin into the country and that he knowingly possessed the heroin." This suffices for an obstruction of justice adjustment. United States v. Dunnigan, 113 S.Ct. 1111, 1116 (1993).
 
 
 5
 It is not necessary in addition that a defendant use sophisticated means to cover his crimes, as Strydom contends that United States v. Becker, 965 F.2d 383 (7th Cir.1992), cert. denied, 113 S.Ct. 1411 (1993), requires. A defendant who does use "sophisticated means" is subject to a different adjustment under Sec. 2T1.2(b)(2). Id. at 390. Whether Strydom used "sophisticated means" is irrelevant to Sec. 3C1.1.
 
 
 6
 Strydom also faults the district court for refusing to consider the results of his polygraph test. We are not sure that the court did refuse to consider the test; although it questioned Strydom's counsel about admissibility, it heard her out on the point. Strydom's attorney explained how polygraph tests work; that polygraph tests can reliably demonstrate whether an individual is telling the truth; that Strydom's polygraph test results demonstrate that he was telling the truth; and that Strydom's test results indicate that he did not perjure himself. In any event, the court is not required to consider inadmissible evidence in order to afford the defendant "an adequate opportunity to present information to the court." U.S.S.G. Sec. 6A1.3(a). That part of Sec. 6A1.3(a) which provides that "the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy" is permissive, not mandatory.
 
 
 7
 Strydom also argues that the district court plainly erred in failing to consider the contents of Strydom's monitored phone calls to Sam. Although the court was permitted to consider the phone calls despite their inadmissibility, it was not required to do so. Given its familiarity with the tapes and their self-serving nature, the court didn't err at all, much less commit plain error. See United States v. Payne, 944 F.2d 1458, 1463 (9th Cir.1991) (plain error is "highly prejudicial error affecting substantial rights") (internal quotations and citation omitted), cert. denied, 503 U.S. 975 (1992).
 
 III
 
 8
 Strydom contends that the district court erred in permitting expert testimony regarding the value, purity, and projected dosage units of the heroin seized from Strydom's briefcase instead of excluding it under Fed.R.Evid. 403. However, evidence of the value of contraband is admissible to show a defendant's knowledge that he possesses heroin. See, e.g., United States v. Sanchez-Lopez, 879 F.2d 541, 555 (9th Cir.1989) ("[T]he price, quantity and quality of the cocaine and heroin was highly relevant to establish the appellants' knowledge of the presence of the contraband in the car") (citations omitted); United States v. Kearney, 560 F.2d 1358, 1369 (9th Cir.) ("Evidence of the monetary value of illicit narcotics is relevant to show a defendant's intent to distribute it and his knowledge of his possession of the heroin.") (citations omitted), cert. denied, 434 U.S. 971 (1977). Strydom's willingness to stipulate that the heroin was of distribution quantity does not obviate the need for the government to prove knowledge, as that element was very much in dispute. The district court therefore did not abuse its discretion. Id.
 
 
 9
 Nor was the court out of bounds in questioning the expert about the wholesale and retail value of the heroin. "In a federal courtroom, a district judge has the undeniable right to examine witnesses and call the jury's attention to important evidence." Kennedy v. Los Angeles Police Dept., 901 F.2d 702, 709 (9th Cir.1989) (citation omitted). A district court's exercise of this right will justify reversal only if it "rendered the trial unfair," id., and nothing in the record suggests the district court's questions here rendered the trial unfair.
 
 IV
 
 10
 Strydom contends that the district court erred in excluding tape recordings of phone calls Strydom made to his source after being taken into custody. During these calls, Strydom made repeated references to the money that was supposedly contained in the black briefcase; Sam was basically silent.
 
 
 11
 Strydom argues that Sam's "statements" are not hearsay because they were offered to show that Sam intended to deceive Strydom as to the contents of the briefcase. This, Strydom contends, would be demonstrated by Sam's lack of reaction to Strydom's references to the money supposedly hidden in the briefcase. We see no abuse of discretion, as the only reason the listener's lack of reaction is relevant is to suggest that what Strydom was saying was true. Strydom's argument that the statements are admissible under the state-of-mind exception, Fed.R.Evid. 803(3), fares no better as Sam's state of mind is irrelevant.
 
 V
 
 12
 Strydom contends that the district court should have granted his Fed.R.Crim.P. 17(b) motion to subpoena witnesses from South Africa at government expense. We disagree, as the presence of these witnesses was not necessary to an adequate defense as the Rule requires. See United States v. Sims, 637 F.2d 625, 629 (9th Cir.1980) (denial of Rule 17(b) motion proper (1) where the request is untimely; (2) where the testimony would be cumulative; (3) where the defendant "has failed to make a satisfactory showing as required by the Rule"; or (4) where "the requested subpoena would in some other way constitute an oppressive and unreasonable use of the process of the court."). Most of the proffered statements are irrelevant as they go only to the witnesses' belief that the suitcase contained only money. Their belief has no tendency to disprove Strydom's knowledge that it contained heroin. While Strydom's wife's testimony that he left the suitcase with her at the airport might have had limited relevance, it wasn't necessary because Strydom took the stand but did not testify that he had left the suitcase with her. The district court therefore did not abuse its discretion.
 
 VI
 
 13
 Finally, Strydom contends that he did not knowingly and voluntarily waive his Miranda rights and that the district erred in denying his motion to suppress the statements he made to the customs agents. We cannot say that the court clearly erred, as Customs Agent Deaven testified that he advised Strydom of his rights, Strydom stated that he understood them, Deaven gave Strydom an Advice of Rights form which advised that a lawyer will be appointed before any questioning if Strydom wished, and that Strydom signed the acknowledgment of waiver on that form.
 
 
 14
 AFFIRMED.
 
 
 
 *
 Honorable Ruggero J. Aldisert, Senior Circuit Judge for the Third Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3